UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAKOTA SALATAS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:20-CV-414-JEM |
| ) | |
| LAKE COUNTY GOVERNMENT, *et al*., ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 34], filed by Defendants Lake County Government, Lake County Board of Commissioners, and Leann Angerman on March 4, 2023.

**I.  Background**

On November 17, 2020, Plaintiff Dakota Salatas filed a Complaint alleging that Plaintiff was discriminated against and wrongfully terminated by Defendants on the basis of her sex because of her pregnancy, in violation of 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1974, the Pregnancy Discrimination Act of 1978, and the Fourth and Fourteenth Amendments.

The instant motion for summary judgment was filed on March 4, 2023. After extensions of time were granted, Plaintiff's response was to be filed on June 2, 2023. No response was filed. On June 29, 2023, the Court entered an Order reminding Plaintiff of the pending motion and expired deadline and setting a deadline of July 7, 2023, to file any additional request for extension, but nothing has been filed, nor has counsel for Plaintiff moved to withdraw from the case.

1

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.     Standard of Review

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th

Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50. The Court looks to the burden of proof each party would bear on an issue at trial. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007) (quoting *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)).

### III.  Material Facts

Northern District of Indiana Local Rule 56-1 requires the moving party to include with its motion for summary judgment a "Statement of Material Facts" including "each material fact the moving party contends is undisputed." N.D. Ind. L.R. 56-1(a)(3). In response, the opposing party is obligated to file "a Response to Statement of Material Facts." N.D. Ind. L.R. 56-1(b)(2). In this case, as the moving party, Defendant has submitted a Statement of Material Facts, along with appropriate citations to supporting evidence. Plaintiff has not submitted a response brief, much less identified any disputes with the identified facts; therefore, the facts referred to below, as asserted by Defendant and to the extent they are consistent with the evidence cited in support, are considered to exist without controversy for the purposes of this Motion for Summary Judgment. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh Circuit has routinely sustained "the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts").

Plaintiff Salatas was appointed to a position with the Lake County Board of Elections and Registration by State Senator Dan Dernulc and began working for them in June, 2018. In July,

2019 she informed members of the Board of Elections that she was pregnant. Thereafter, Defendant Angerman, the Assistant Director of the Board of Elections and the woman identified by Salatas as her supervisor, notified Salatas that her clothing was inappropriate on approximately two occasions, after which the Director of the Board of Elections informed Salatas that her clothing choice was fine, and Salatas faced no further discipline or scrutiny. Angerman questioned Salatas with respect to her pregnancy, questions Salatas found harassing and inappropriate but which Angerman intended as concern over Salatas's high risk pregnancy and high number of doctor's visits.

After Salatas notified the Lake County Board of Elections and Regulation that she had obtained a protective order, Angerman recommended that Salatas be relocated to sit at a desk in a more secure part of the office. Salatas initially refused to move since her computer would not be moved with her, and Salatas was written up for insubordination. She responded in writing before complying with the directive to move, and was not demoted, suspended, or terminated.

A few days after being written up, Salatas went out on maternity leave on October 30, 2019. Because the leave was unpaid, out of financial necessity Salatas returned to work soon after the birth of her child. In January 2020, Salatas was transferred from the elections side of the office to the registration side, received a positive evaluation, and her salary was increased. Her duties in the registration side required less overtime and evening work than in the voter-focused position. While still working in the voter side, when Salatas expressed the need to leave before her daycare closed, Angerman suggested that Salatas hire a teenager to care for her two small children late at night so that she could continue to work after all of the daycares in the region closed. After her

4

move to the registration side, Salatas's work schedule generally accommodated her need for childcare.

In April 2020, the Board of Elections office administration found that there was an omission of a public referendum question from certain absentee ballots and concluded that Salatas had failed to copy the absentee ballot packets correctly. Salatas reported that she had been assigned to help the voter side of the office copy ballots when they were busy, and at some point was told that there was a mistake with the ballots, but she was never shown what the actual mistake was. She was then terminated from her employment by Dernulc. She was pregnant at the time of her termination. Angerman did not have the statutory capacity to terminate Salatas and cannot remember whether she knew of Salatas's pregnancy at the time of her termination, and Dernulc reports that he was unaware of Salatas's pregnancy when he terminated her employment.

### IV.   Analysis

The Local Rules provide that responses to motions for summary judgement must be filed "within 28 days after the movant serves the motion," N.D. Ind. L.R. 56-1(b), and "[t]he court may rule on a motion summarily if an opposing party does not file a response before the deadline." N.D. Ind. L.R. 7-1(d)(4). The trial court's interpretation and application of its Local Rules is subject to great deference. *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Cuevas v. United States*, 317 F.3d 751, 752 (7th Cir. 2003). In fact, a trial court has the authority to strictly enforce its Local Rules, even if summary judgment results. *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014); *Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1108 (7th Cir. 2004); *Waldridge*, 24 F.3d at 921-22 (upholding the trial court's strict enforcement of local rules on summary judgment).

In turn, Rule 56(e) states that "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e)(2). The Rule further states that summary judgment, if appropriate, should be entered against a party who fails to respond as provided in the Rule. *Id*. Thus, summary judgment is appropriate if the non-movant does not respond and the "motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir.1994).

Defendant moves for summary judgment on Plaintiff's claims of sex discrimination on the basis of pregnancy under the Pregnancy Discrimination Act of 1978 (PDA) amendment to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. Title VII prohibits discrimination "against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2(a)(1). "The phrase 'because of sex' has been defined by the Pregnancy Discrimination Act (PDA), through which Congress amended Title VII in 1978, to mean 'because of or on the basis of pregnancy, childbirth, or related medical conditions,'" and a successful plaintiff must demonstrate that the adverse employment action was taken "because of her pregnancy." *Venturelli v. ARC Cmty. Servs., Inc.* 350 F.3d 592, 598 (7th Cir. 2003) (quoting 42 U.S.C. § 2000e(k)). On a motion for summary judgment, a plaintiff may demonstrate a genuine issue for trial by demonstrating that "the evidence would permit a reasonable factfinder to conclude that the plaintiff's . . . sex . . . or other proscribed factor caused the discharge or other adverse employment action. Evidence must be considered as a whole, rather than asking whether any particular piece of evidence proves the case by itself." *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016); *see also Chaib v. Geo Grp., Inc.*,

819 F.3d 337, 341 (7th Cir. 2016). Accordingly, "the sole question that matters" is "[w]hether a reasonable juror could conclude that" the plaintiff would not have suffered the adverse employment action if she had a different sex or age, "and everything else had remained the same." *Ortiz*, 834 F.3d at 764 (citing *Achor v. Riverside Golf Club*, 117 F.3d 339, 341 (7th Cir. 1997); *Troupe v. May Dep't Stores Co.*, 20 F.3d 734 (7th Cir. 1994)). A plaintiff may also make a case for going to trial under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 894 (7th Cir. 2018). ("[T]he well-known and oft-used McDonnell Douglas framework for evaluating discrimination remains an efficient way to organize, present, and assess evidence in discrimination cases."); *Egonmwan v. Cook Cty. Sheriff's Dep't*, 602 F.3d 845, 850 (7th Cir. 2010). Thus, at the summary judgment stage in this case, the proper question before the Court is whether the evidence would permit a reasonable factfinder to conclude that Plaintiff's pregnancy caused the adverse employment action. *Ortiz*, 834 F.3d at 765. The burden is on the plaintiff to demonstrate that genuine issues exist for trial. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 897 (7th Cir. 2003).

      Defendants first argue that none of the named defendants were Plaintiff's employer for the purposes of Title VII, so cannot be held liable for terminating her employment or discriminating against her. Instead, they argue that Plaintiff was an employee of the Lake County Board of Elections and Registration. They argue that even if any of the defendants could be construed as her employer or liable as a person acting under color of state law, Plaintiff cannot show she was meeting her employer's legitimate expectations at the time of her termination, that the decisionmaker knew she was pregnant, or that the reason given for her termination was pretextual.

7

It is Plaintiff's burden to show an employer-employee relationship. *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015) (citing *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 380 (7th Cir.1991)). In addition to the requirement to be "engaged in an industry affecting commerce [and] ha[ve] fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year," 42 U.S.C. § 2000e(b), in order to be considered an employer, a person or entity must exercise sufficient control over the alleged employee, with the most important consideration being whether the putative employer has hiring and firing power over the employee. *Harris v. Allen Cnty. Bd. of Commissioners*, 890 F.3d 680, 683 (7th Cir. 2018); *Love*, 779 F.3d at 702.

Indiana Code Section 3-6-5.2 *et seq*. establishes a board of elections and registration and provides that day to day operations are vested in a director and assistant director of the board, and that the number of employees and compensation they receive are established by the board. Ind. Code § 3-6-5.2-7(a). Employees are chosen by the major political parties in the county, and "the board employees serve at the pleasure of their respective appointing authorities." Ind. Code § 3-6-5.2-7(e). Accordingly, the Lake County Board of Elections and Registration is responsible for determining payment of employees and the director and assistant director are responsible for day to day operations, including supervision of employees. Employees themselves are chosen by the political parties, and Plaintiff was interviewed and offered her employment by a state senator. The Board of Elections controlled the day-to-day operations, including Plaintiff's job responsibilities, scheduling, work performance, and the amount of her compensation. Looking at other factors affecting whether an entity is an employer, neither Defendant Lake County Government nor Defendant Lake County Board of Commissioners had any supervisory authority over Plaintiff or

8

provided her with training, and although they had a role in administering payroll and benefits, their relationship with Plaintiff and its length was only through the Board of Elections. *See Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 929 (7th Cir. 2017) (applying five factor test to find no joint employer relationship). They cannot be considered her employers or joint employers. Defendant Angerman was Plaintiff's supervisor, and although she gave direction on some of the day-to-day aspects of Plaintiff's work, she had no hiring or firing authority, and "a supervisor, in h[er] individual capacity, does not fall within Title VII's definition of employer." *Geier v. Medtronic, Inc.*, 99 F.3d 238, 244 (7th Cir. 1996); *see also Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995).

Plaintiff has not met her burden of establishing that any of the named defendants in this case were her employer for the purposes of Title VII, and therefore they cannot be held liable for any employment discrimination she may have encountered. The Court need not address the other arguments in the Motion, and judgment must be entered in favor of Defendants.

**V.     Conclusion**

Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment [DE 34], and **DIRECTS** the Clerk of Court to enter judgment in favor of Defendants Lake County Government, Lake County Board of Commissioners, and Leann Angerman as to all claims in Plaintiff Dakota Salinas's Complaint.

SO ORDERED this 2nd day of August, 2023.

                                              s/ John E. Martin
                                              MAGISTRATE JUDGE JOHN E. MARTIN
                                              UNITED STATES DISTRICT COURT

cc:     All counsel of record